IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE:<br>CLARENCE WILLIAM LEWIS, JR.<br>Chapter 13 DEBTOR | : | No. 3:24cv387 |
| | : | (Judge Munley) |
| | : | |

----

| | | |
|---|---|---|
| CLARENCE WILLIAM LEWIS, JR.,<br>               Appellant | : | |
| v. | : | |
| The Money Source, Inc.,<br>               Appellee | : | |

----

## MEMORANDUM

Before the court for disposition is the bankruptcy appeal filed by Clarence William Lewis, Jr. (hereinafter "Appellant" or "Lewis"). Appellant challenges a February 23, 2024 decision of Bankruptcy Judge Mark J. Conway. Also pending is Appellant's request for oral argument. (Doc. 15). The parties have briefed their respective positions, and the matter is ripe for disposition.

**Background[1]**

At issue is the determination of reasonable attorney's fees recoverable in connection with an offer of judgment under Rule 68 of the Federal Rules of Civil

---

[1] The court adopts the facts set forth in Judge Conway's opinion as they do not appear to be in dispute. (See Doc. 3-22, Bankr. Opinion at 1-4). Those facts are further confirmed by this court's independent review of the bankruptcy record.

Procedure. By way of brief background, Lewis filed a voluntary Chapter 13 petition on April 13, 2019. (Doc. 3-22, Bankr. Opinion at 2). His petition listed his residence in Taylor, Pennsylvania as subject to a secured claim held by the Money Source, Inc. (hereinafter "TMS") in the amount of $143,551.34. (Id.) Lewis's confirmed Chapter 13 plan provided for a cure of $13,344.05 in pre-petition arrears to TMS. (Id.)

On July 3, 2019, TMS filed a notice of postpetition mortgage fees, expenses, and charges ("Notice") pursuant to Bankruptcy Rule 3002.1 of the Federal Rules of Bankruptcy Procedure. (Id.) The Notice sought $900 in attorney's fees for reviewing the Chapter 13 plan and for preparing and filing its proof of claim. (Id.) Thereafter, Appellant's counsel, Carlo Sabatini, sent two letters to TMS requesting, among other things, additional information regarding the claimed attorney's fees ("Letters"). (Id.) In response, TMS withdrew the Notice and disclaimed any entitlement to the fees. (Id.)

Nonetheless, on November 26, 2019, Lewis initiated an adversary proceeding against TMS. (Id. at 3). After several amendments, Lewis filed a third amended complaint alleging that TMS violated the Real Estate Settlement Procedure Act ("RESPA"), 12 U.S.C. § 2601, et seq., and the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, et seq. by failing to respond to his request for information regarding the attorney's fees included in the Notice. (Id.)

2

During discovery, Lewis filed a contested motion to compel. The parties attempted to settle the dispute or at least narrow the issues through mediation. (Docs. 3-5 – 3-10). The mediation proved to be unsuccessful. (Doc. 3-22, Bankr. Opinion at 3). Later, Appellant accepted TMS's Rule 68 offer of judgment ("Rule 68 Offer") and the parties reported ongoing negotiations concerning attorney's fees and costs. (Bankr. Opinion at 3-4).

The parties were ultimately unable to resolve all fee and cost issues. (See Doc. 3-15). Nonetheless, they filed a stipulation identifying those amounts on which they agreed. (See Doc. 3-14). Appellant then filed a petition for attorney's fees seeking $81,678.68 in attorney's fees and $164.41 in costs. (Doc. 3-17). Following briefing and oral argument, the bankruptcy court concluded that the requested fees were excessive and awarded Lewis $63,108.43 in attorney's fees. (Doc. 3-22, Bankr. Opinion at 12-14). The bankruptcy court awarded Appellant the full amount of requested costs. (Id.)

Lewis now appeals, seeking reversal of the bankruptcy court's fee determination and an award of $81,678.68, as originally requested. (Doc. 10, Lewis Br. at 41).

**Jurisdiction**

This court has jurisdiction over the instant bankruptcy appeal pursuant to 28 U S C. § 158(a)(1), which provides that district courts have jurisdiction to hear appeals from final judgments, orders, and decrees of the bankruptcy courts.

**Legal Standard**

This court reviews the bankruptcy court's conclusions of law "*de novo*, its factual findings for clear error[,] and its exercise of discretion for abuse thereof." In re United Healthcare Sys., Inc., 396 F.3d 247, 249 (3d Cir. 2005) (internal quotation marks omitted). The bankruptcy court's findings of fact will only be set aside if clearly erroneous. FED. R. BANKR. P. 8013 ("On appeal the district court ... may affirm, modify, or reverse a bankruptcy judge's judgment order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.").

A factual finding by a bankruptcy court is clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." In re CellNet Data Sys., Inc., 327 F.3d 242, 244 (3d Cir. 2003) (citing United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)).

A district court reviewing a mixed question of fact and law must disentangle the factual and legal issues and apply the appropriate standard of review to each. In re Montgomery Ward Holding Corp., 326 F.3d 383, 387 (3d Cir. 2003). A reviewing court must "apply a clearly erroneous standard to 'integral facts,' but exercise plenary review of the court's interpretation and application of those facts to legal precepts." In re Nortel Networks, Inc., 669 F.3d 128, 136–37 (3d Cir. 2011) (citation omitted).

**Analysis**

Appellant challenges the bankruptcy court's award of reasonable attorney's fees contending that the court improperly reduced those fees *sua sponte*. (Doc. 10, Lewis Br. at 2-3). TMS, by contrast, urges this court to affirm the award. (Doc. 11, TMS Br. at 22). The court will first set forth the governing legal framework before discussing attorney's fees determination.

1.  **Legal Framework**

This bankruptcy appeal is highly contentious. To avoid confusion, a discussion of the legal principles guiding district courts in determining reasonable attorney's fees is warranted.

Under the "American Rule," a prevailing party is generally not entitled to attorney's fees from the losing party. Lackey v. Stinnie, 604 U.S. 192, 192-93 (2025) (citing Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 249

(1975). That said, each litigant pays his or her own attorney's fees regardless of the outcome. Baker Botts L.L.P. v. ASARCO LLC, 576 U.S. 121, 126 (2015). Like most rules, however, this one is subject to exceptions. One such exception arises when a statute or contract provides for an award of attorney's fees to the prevailing party. Id. (citing Hardt v. Reliance Standard Life Ins. Co., 560 U.S. 242, 252–53 (2010)).

A "prevailing party" or "successful party" is "one who has been awarded some relief by the court." Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Res., 532 U.S. 598, 603 (2001). "A party in whose favor a judgment is rendered, regardless of the amount of damages awarded" is a prevailing party for purposes of the various federal fee-shifting statutes. Id. Likewise, the fact that a party prevailed through a settlement rather than through litigation does not alter that result. Maher v. Gagne, 448 U.S. 122, 129 (1980).

As the bankruptcy court correctly pointed out, Appellant is a prevailing party here given that under the Rule 68 Offer, he was awarded a $6,000.00 judgment "in satisfaction of all claims." (Doc. 3-22, Bankr. Opinion at 8). Lewis has thus succeeded on his TILA and RESPA claims. Accordingly, the court turns to whether Appellant possesses contractual or statutory rights to recover attorney's fees.

*Contractual rights under Rule 68 Offer* – Starting with the contractual right, the Third Circuit has explained that a Rule 68 offer of judgment "is intended to promote the amicable resolution of cases." Lima v. Newark Police Dep't, 658 F.3d 324, 326 (3d Cir. 2011).  A Rule 68 offer of judgment may provide that a judgment includes costs and attorney's fees. See Marek v. Chesny, 473 U.S. 1, 6 (1985).  Generally, the text of an offer of judgment is interpreted according to basic contract principles. M3 USA Corp. v. Hart, No. CV 20-5736, 2021 WL 2917374, at *5 (E.D. Pa. July 9, 2021).

Under Pennsylvania law, issues of contract interpretation are questions of law. Id. The general rule of contract interpretation under Pennsylvania law is "the intent of the parties to a written contract is contained in the writing itself." Bohler-Uddeholm Am., Inc. v. Ellwood Grp., Inc., 247 F.3d 79, 92 (3d Cir. 2001).  If "the intention of the parties is clear, there is no need to resort to extrinsic aids or evidence, instead, the meaning of a clear and unequivocal written contract must be determined by its contents alone." Id.  On the other hand, "[a] contract is ambiguous if it may reasonably be construed in more than one way." M3 USA Corporation, 2021 WL 2917374 at *5.  However, any ambiguity in a Rule 68 offer of judgment is resolved against the offeror. Id. (citing Lima, 658 F.3d at 330).

Here, the basis for awarding attorney's fees is the language of the Rule 68 Offer, which provides that: "[TMS] . . . hereby offers to allow a judgment to be

7

taken against it in satisfaction of all claims by . . . Lewis, in the amount of $6,000, **plus an additional amount for costs and reasonable attorney's fees**." (Doc. 3-16, Ex. A, Offer of Judgment). The bankruptcy court correctly concluded that the language of the Rule 68 Offer is clear and unambiguous, thereby entitling Appellant to recover attorney's fees.

*Statutory right for attorney's fees* – Judge Conway also noted that both TILA and RESPA allow an award of reasonable attorney's fees in case of any successful action. See 15 U.S.C. § 1640(a)(3) (TILA) and 12 U.S.C. §2605(f)(3) (RESPA).

*Prevailing source* – Although TILA and RESPA address attorney's fees, the bankruptcy court properly relied on the Rule 68 Offer's plain language in awarding attorney's fees to Appellant. That approach was appropriate because the principles governing statutory fee awards are not applicable when a Rule 68 offer of judgment explicitly provides for attorney's fees. See Miller v. City of Portland, 868 F.3d 846, 851 (9th Cir. 2017); see also M3 USA Corporation, 2021 WL 2917374, at *6. The bankruptcy court thus correctly concluded that Lewis was entitled to attorney's fees based on the plain language of the Rule 68 Offer.[2]

---

[2] Judge Conway properly declined TMS's argument based on the principles governing statutory fee awards. TMS argued before the bankruptcy court that under Marek, 473 U.S. at 8–9, a Rule 68 offer of judgment included attorney's fees only when the underlying statute defines "costs" to include attorney's fees. (Doc. 3-19 at 5-6). Judge Conway held that the underlying statutes involved here (TILA and RESPA) do not define attorney's fees as part of the costs and therefore, Lewis would not be entitled to attorney's fees under the "costs"

2. **Award of Attorney's Fees**

Turning to the amount of attorney's fees awarded, Appellant contends that the bankruptcy court acted improperly when it reduced his attorney's fees *sua sponte*. (Doc. 10, Lewis Br. at 2-3). TMS disputes this contention. (Doc. 11, TMS Br. at 12-13). TMS asserts that the bankruptcy court did not act on its own initiative but instead ruled on TMS's objections. (Id. at 14-18).

### a. The bankruptcy court did not act *sua sponte*

Courts in the Third Circuit assess requests for attorney's fees by using the lodestar method. S.S. Body Armor I., Inc. v. Carter Ledyard & Milburn LLP, 927 F.3d 763, 773 (3d Cir. 2019); see also Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990). Under this formula, a court determines the reasonable fee "by multiplying the number of hours . . . reasonably worked on a client's case by a reasonable hourly billing rate for such services given the geographical area, the nature of the services provided, and the experience of the lawyer." Id.

The party seeking attorney's fees bears the burden of proving the reasonableness of their request. Rode, 892 F.2d at 1183; see also Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984). The failure to make a *prima facie*

---

provision of Rule 68 of the Federal Rules of Civil Procedure. (Doc. 3-22, Bankr. Opinion at 5 n. 3). Nevertheless, Judge Conway explained that Lewis is entitled to attorney's fees based on the plain language of the Rule 68 Offer, not based on principles governing statutory fee awards.

9

showing that counsel's proposed rates and hours are reasonable provides courts with discretion to deny a motion for attorney's fees. See Martin v. Boeing Co., No. CV 20-5401, 2025 WL 1093802, at *4 (E.D. Pa. Apr. 11, 2025). However, "[w]hen the applicant for a fee has carried his burden of showing that the claimed rates and number of hours are reasonable, the resulting product is presumed to be the reasonable fee to which counsel is entitled." Maldonado v. Houstoun, 256 F.3d 181, 184 (3d Cir. 2001) (citation omitted).

In this matter, Lewis submitted counsel's billing records containing time entries in support of his petition for attorney's fees before Judge Conway. (Doc. 3-17). TMS lodged multiple objections to the Appellant's attorney's fees, arguing that Appellant's counsel, was "off to the races pumping up his fees[,]" that he and his colleagues billed excessive amounts, and that counsel "continued on his fishing expedition, racking up over $50,000.00 in additional fees before accepting TMS'[s] . . . Offer of Judgment." (Doc. 3-19 at 18). TMS further asserted that Appellant's counsel "manufactured affirmative claims under RESPA and TILA by requesting information on behalf of [Appellant] that was of no actual value to [him]." (Id. at 15).

A party opposing a fee request has the burden of challenging the reasonableness of the fees with sufficient specificity. United States ex rel. Palmer v. C&D Techs., Inc., 897 F.3d 128, 139 (3d Cir. 2018); Bell v. United Princeton

Props., Inc., 884 F.2d 713, 715 (3d Cir. 1989). "Once the challenging party does so, "the district court has a great deal of discretion to adjust the fee award in light of those objections." United States ex rel. Palmer, 897 F.3d at 139 (quoting Rode, 892 F.2d at 1183)).

Here, as Judge Conway determined, TMS's objections to the Appellant's fees were generalized and "based on a blanket statement that the professional fees were wholly unreasonable, citing over 183 hours of time spent on [Lewis's] claim that TMS allegedly failed to respond to the Letters." (Doc 3-22, Bankr. Opinion at 12; Doc. 4, Hearing Transcript at 72; Doc. 3-19 at 10). Although TMS contended that Appellant was not entitled to attorney's fees, TMS failed to state a specific amount by which the petition should be reduced. (See Doc. 3-19 at 7, 10).[3]

Nevertheless, TMS's objections are not without significance since "a party challenging a fee petition need not always challenge specific time entries and have the court find that some 'specific time entry was unreasonable or unnecessary' . . . in order to prevail." Bell v. United Princeton Props., Inc., 884 F.2d 713, 720 (3d Cir. 1989). As the Third Circuit has stated, "[i]t would be nearly impossible, or at least extraordinarily burdensome, for parties who wish to

---

[3] Judge Conway did explicitly express his frustration with TMS's general objections. (Doc. 3-22, Bankr. Opinion at 11-12).

11

contend that the time spent by a fee applicant was excessive . . . to point to all the entries that they believe to be unreasonable." Id. Thus, a party challenging a fee petition need not point to each individual excessive entry. Id.

Based on Appellant's objections, the bankruptcy court decided to review the case docket and thoroughly examine the invoices submitted. (Doc. 3-22, Bankr. Opinion at 12-13). Hence, the bankruptcy court did not act *sua sponte*.

### b. Reduction of attorney's fees was proper

Moving to the award of attorney's fees, two components must be examined: 1) the attorney's hourly rate; and 2) the number of hours.

With respect to the hourly rates, the parties stipulated to the reasonable rates to be charged by Appellant's professionals as follows: 1) $415.00 per hour for Carlo Sabatini, Esq.; 2) $350.00 per hour for Brett Freeman, Esq.; and 3) $150.00 per hour for Ashley Werner, paralegal. (Doc. 3-14, Stipulation ¶ 4). The bankruptcy court did not disturb the hourly rates. (Doc. 3-22, Bankr. Opinion at 10 n. 7). Neither will this court as TMS is not disputing them.

As for the number of hours worked, time entries must be sufficiently specific to enable the court to assess the reasonableness of the hours claimed for the work performed. Washington v. Philadelphia Cnty. Ct. of Common Pleas, 89 F.3d 1031, 1037 (3d Cir. 1996). District courts are obligated to exclude hours that were not reasonably expended, including those that are excessive,

redundant, or otherwise unnecessary. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  The Third Circuit has emphasized the necessity for district courts to meticulously review billing records supporting a fee request, requiring a "line, by line, by line" examination. Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 426 F.3d 694, 713 (3d Cir. 2005), as amended (Nov. 10, 2005) (citation omitted).

Here, Judge Conway reduced Appellant's requested attorney's fees by $18,570.25, resulting in an attorney's fees award of $63,108.43.  (Doc. 3-22, Bankr. Opinion at 13).  Appellant argues before this court that Judge Conway disallowed time entries that TMS had agreed were reasonable or that his counsel had already discounted. (Doc. 10, Lewis Br. at 15).  Per Appellant, the bankruptcy court abused its discretion.  The court disagrees.

A court is not obligated to endorse an inappropriate order simply due to a lack of objection from a defaulting party. See McKenna v. City of Philadelphia, 582 F.3d 447, 459, n.13 (3d Cir. 2009).  Instead, courts maintain "an active and affirmative function in the fee-fixing process," extending beyond a passive acceptance of submitted requests. Maldonado, 256 F.3d at 184. When a lawyer's time is not reasonably expended, a court may exclude such time from calculation of the lodestar. Hensley, 461 U.S. at 433.  The Third Circuit does not "approve the wasteful use of highly skilled and highly priced talent for matters easily

13

delegable to non-professionals or less experienced associates." Ursic v. Bethlehem Mines, 719 F.2d 670, 677 (3d Cir. 1983).

Under the law, Judge Conway had an active and affirmative function in determining the award of attorney's fees. Further, any prior stipulation by TMS as to the reasonableness of particular time entries was effectively withdrawn when TMS opposed the fee petition.[4] Thus, the bankruptcy court did not abuse its discretion in revisiting all the time entries of Appellant's professionals.

The fees at issue on appeal relate to briefing and communications. The court will address each in turn.

With regard to briefing, the Third Circuit has determined that three hours per page was a reasonable amount of time to spend on preparation of an appellate brief, consisting of one uncomplicated issue which had been briefed by parties and discussed at length in a "well-written and thorough opinion" at the district court level. Maldonado, 256 F.3d at 185–87. However, this rule is only a starting point as courts also consider the complexity of the issues presented, the attorney's experience, and the procedural posture of the case. See Walton v. Massanari, 177 F. Supp. 2d 359, 365 (E.D. Pa. 2001) (holding that two hours per page was reasonable for an appellate brief in a case involving simple legal

---

[4] The stipulation Appellant is referring to grants TMS "the right to argue that no award of fees is appropriate, and that therefore no fee at all should be awarded." (Doc. 3-14, Stipulation ¶ 9).

issues but a detailed fact-specific record); Migliori v. Lehigh Cnty. Bd. of Elections, No. 22-CV-397, 2025 WL 2493843, at *4 (E.D. Pa. May 19, 2025), report and recommendation adopted, No. CV 22-397, 2025 WL 2493838 (E.D. Pa. July 31, 2025) (holding that a work rate of 1.7 hours per page was reasonable for a brief accompanying a petition for a temporary restraining order); Styers v. Pennsylvania, 621 F. Supp. 2d 239, 245 (M.D. Pa. 2008) (holding that 3.6 hours per page was reasonable for a brief opposing a motion for summary judgment in a fairly straightforward case presenting no particularly difficult or novel legal issues).

*Motion to compel, brief in support, and reply brief* – Judge Conway explained that:

> During the discovery phase of this litigation, [Lewis] filed a Motion to Compel Discovery on June 29, 2021, Dkt. # 65, with a supporting brief filed on July 9, 2021, Dkt. # 66. [Lewis's] Counsel spent 3.2 hours researching and 15.7 hours drafting the brief. The Court finds the time expended relating to a motion to compel discovery to be excessive and will reduce the fees by twelve hours. The reduction equates to $4,200 ($350/hr. x 12). Plaintiff's Counsel expended 11.5 hours on discussing and drafting the reply brief, Dkt # 77. This too was excessive and the fees will be reduced by 8 hours, *i.e.*, $2,800 ($350/hr. x 8).

(Doc. 3-22, Bankr. Opinion at 13).

Turning to the motion to compel, the motion itself spans four pages (excluding exhibits), while the supporting brief is sixteen pages long. (Docs. 3-5,

15

3-6). The supporting brief largely consists of the Appellant's discovery requests and TMS's corresponding objections. As for the reply brief, it spans twelve pages, excluding exhibits. (Doc. 3-9). Upon careful review of both briefs the court finds that the reduction in hours was appropriate and the bankruptcy court did not abuse its discretion in doing so.

*Brief in support of the fee petition* – Per Judge Conway:

> In November 2022, Plaintiff's Professionals spent a combined 8.3 hours to draft a brief in support of the Fee Petition. The Court finds that the time spent was excessive for a ten-page brief. The fees will be reduced by 3 hours for each attorney, *i.e.*, $2,295 (($415 x 3) + ($350 x 3)).

(Doc. 3-22, Bankr. Opinion at 13).

As for the brief in support of the fee petition, it consists of ten pages. (See Doc. 3-18). Attorney Sabatini billed 5.30 hours to "finish the brief." (Doc. 3-17 at ECF pp. 23-24). A total of 8.3 hours was excessive for a brief in support of a fee petition where, by the Appellant's counsel own admission, most issues had already been resolved by agreement. Additionally, the issue of attorney's fees is neither novel nor unusually complex. In light of Appellant's counsel's "significant experience relating to disputes over the reasonableness of attorney's fees[,]" the bankruptcy court's reduction was reasonable. (See Doc. 3-22, Bankr. Opinion at 13 n. 11).

*Reply brief in support of the fee petition* – According to the bankruptcy court:

> Lastly, Plaintiff's Counsel billed 30.1 hours for the reply brief in support of the Fee Petition, Dkt. # 131. Counsel discounted this amount by 6.8 hours. The Court finds the time expended was still excessive and will reduce the fees by 15 hours, *i.e.*, $6,225 ($415/hr. x 15).

(Doc. 3-22, Bankr. Opinion at 14).

With respect to the reply brief in support of the fee petition, it spans eighteen pages, excluding exhibits. (Doc. 3-20). For the same reasons discussed above, the hours expended on this brief were excessive. Notably, four pages were devoted to a section entitled "who is to blame for not settling" which largely recites the procedural history. Given the Appellant's counsel's familiarity with the issues and the procedural posture of the case, the expenditure of 30.1 hours on such a brief is out of proportion here. Moreover, Appellant's counsel's discount of only 6.8 hours was negligible and a further reduction was warranted. Accordingly, the bankruptcy court's reduction was reasonable and appropriate.

*Time entries for .1 hours* – As for time entries regarding communication, Judge Conway also noted that:

> TMS objects to 98 entries of .1 hours totaling $4,067. TMS' Brief at 18. Like in Badyrka, the Court finds Mr. Sabatini's entries for almost every conceivable communication, no matter how minor, to lack billing judgment and will reduce these entries by 75% or $3,050.25. See In re Szymczak, 246 B.R. 774, 783 (Bankr. D. N.J. 2000) ("In reviewing

> Applicant's time records, it appears the Debtors were billed every time Applicant picked up the telephone, uttered the Debtors' name, or looked at the Debtors' case; even where nothing meaningful occurred.").

(Doc. 3-22, Bankr. Opinion at 13).

Upon careful examination of the foregoing time entries, the court agrees with the bankruptcy court and concludes that they reflect a lack of billing judgment. See In re Busy Beaver Bldg. Centers, Inc., 19 F.3d 833, 854 (3d Cir. 1994) ("a bankruptcy judge's experience with fee petitions and his or her expert judgment pertaining to appropriate billing practices, founded on an understanding of the legal profession, will be the *starting point* for any analysis."). These entries appear excessive and warrant reduction.

In sum, nothing in the bankruptcy court's decision indicates clear error in its factual findings or an abuse of discretion. Accordingly, this court will affirm Judge Conway's determination of Appellant's attorney's fees.

Regarding Appellant's request for oral argument, a district court may deny such request if it "determines that oral argument is unnecessary because . . . the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument." FED. R. BANKR. P. 8019 (b)(3). Here, the court is satisfied that the parties' submissions and the record adequately present the relevant facts and legal arguments. Therefore, Appellant's request for oral argument will be denied.

**Conclusion**

For the reasons set forth above, Lewis's bankruptcy appeal and request for oral argument will be denied. An appropriate order follows.

Date: 1/23/26

JUDGE JULIA K. MUNLEY
United States District Court